UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30349 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00010-HRH-1 District of Alaska, Anchorage |
| v. | |
| CHARLES CHANEY, | ORDER |
| Defendant - Appellant. | |

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

The memorandum disposition filed on September 10, 2012 is withdrawn and

replaced with the accompanying amended memorandum disposition.

With these amendments, the panel has voted to deny the petition for panel

rehearing.

The petition for panel rehearing is DENIED. No further petitions shall be

permitted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30349 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00010-HRH-1 |
| v. | |
| CHARLES CHANEY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Submitted August 30, 2012**
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Charles Chaney ("Chaney") appeals the district court's denial of his motion

to suppress two recorded interviews with police officers in their car. Chaney

argues that his statements, though voluntary, should have been suppressed under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Fourth Amendment exclusionary rule, as the statements were the product of an illegal police entry into his home. We review de novo the district court's denial of a motion to suppress evidence, and review for clear error underlying factual findings. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004).

Voluntary statements should be suppressed where officers confront the suspect with illegally obtained evidence, or where the defendant's answers during questioning may have been "induced or influenced by the illegal search." *United States v. Shetler*, 665 F.3d 1150, 1158 (9th Cir. 2011). Chaney's statements were not a "product of the initial illegal search." *Id.* at 1159. The police discovered sufficient evidence prior to the illegal search that rendered the evidence discovered in Chaney's home *de minimis*. *See United States v. Green*, 523 F.2d 968, 972 (9th Cir. 1975). Officer Arthur Dull testified that he recognized Chaney on sight in an all terrain vehicle with a stolen police radar gun strapped to the front of it. The still-warm all terrain vehicle with the radar gun was later parked outside Chaney's home. Chaney was aware that the police had this information when he voluntarily decided to speak to the police and to deny involvement in the theft. Chaney did not change his story when confronted with additional physical evidence obtained in the home. Finally, in the first interview, no mention was made of the evidence from the illegal search, and in the second interview, a single reference to the

evidence did not change Chaney's story and was redacted before the recording was played for the jury. Thus, the circumstances surrounding Chaney's statements indicate that they were not induced by the search. The district court properly denied the suppression motion.

Chaney also appeals the district court's denial of his request for a mistrial. He argues that the agent's inadmissible opinion testimony that Chaney appeared "nervous and untruthful" was prejudicial and willful. We review for abuse of discretion a district court's denial of a mistrial request. *United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006). Reversal is warranted when the defendant shows that "the misconduct materially affected the verdict." *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011).

The agent's statement was not prejudicial and did not affect the verdict. Chaney admitted that he was involved in the vehicle theft. The jury heard credible testimony regarding Chaney's use of the police officer's firearm. The jury also heard several phone calls during which Chaney discussed the theft. Finally, the judge properly admonished the jury regarding the agent's testimony. A jury is presumed to follow the district court's curative instructions. *Doe ex. rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000). Taking the context of the trial as a whole, we conclude that the district court did not abuse its

-3-

discretion in denying the motion for a mistrial because the agent's testimony did not materially impact the verdict.

**AFFIRMED.**